UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AMERICAN STATES INSURANCE  )
COMPANY a/s/o J OR J WELDER, LLC,  )
 )   2:12-CV-01335-LRH-PAL
       Plaintiff,  )
 )
 v.  )   ORDER
 )
BROTHER INTERNATIONAL  )
CORPORATION, a Delaware Corporation,  )
 )
       Defendant.  )
 )

This is a products liability action. Before the court is defendant Brother International Corporation's ("Brother's") Motion to Dismiss or Stay Proceedings (11[1]). Plaintiff American States Insurance Company ("American") has responded (#12), and Brother has replied (#13).

**I.    Factual and Procedural History**

J or J Welder, LLC, ("J or J") owned a printer manufactured by Brother. In August 2009, the printer caught fire, causing damage to J or J and its business premises, including a building it leased from Direct Grading and Paving ("DGP") and Melvin Westwood. American, as casualty insurer to J or J, paid $92, 567.48 to J or J as a result of the fire. (Complaint #1.)

On July 29, 2011, DGP and Westwood filed a state court complaint against J or J.

---

[1] Refers to the court's docket entry number.

(Brother's Mot. to Stay or Dismiss #11, Ex. A.) This state complaint alleged that Westwood and DGP leased the damaged building to J or J at the time of the fire, and the complaint sought damages from J or J for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and negligience. (*Id.*)

On June 4, 2012, J or J filed a third-party complaint in the state court action against Brother. (*Id.* at Ex. B.) This complaint alleged that the Brother printer caused the fire, and it sought damages from Brother for strict products liability as well as indemnity, contribution, and apportionment. Finally, on July 27, 2012, American brought this suit against Brother as J or J's subrogee.

Brother has answered the state court complaint as well as participated in limited discovery (*Id.* at Exs. D-I.) The parties in this case have stipulated to a stay of discovery pending resolution of Brother's Motion to Stay or Dismiss (#14). Brother has moved to dismiss or stay this action under the *Colorado River* doctrine. *See generally Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

**II.   Legal Standard**

In *Colorado River*, the Supreme Court held that, even where none of the abstention doctrines apply and concurrent federal jurisdiction exists, dismissal or stay of a federal action in deference to a parallel state court action may be warranted based "on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817 (internal quotation marks, brackets and citation omitted). This is a limited exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* "Although courts usually avoid duplicative litigation when similar cases are pending in two different *federal* courts, '[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the *state* court is no bar to proceedings concerning the same matter in a federal court." *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 974-75 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 817) (alterations in original). Thus, a federal court may stay or dismiss a federal action in deference to concurrent state court proceedings only in

2

exceptional circumstances. *Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

Application of *Colorado River*'s exceptional circumstances test involves consideration of several factors, including: (1) whether either court has assumed jurisdiction over a *res* or property; (2) inconvenience of the federal forum; (3) avoiding piecemeal litigation; (4) the order in which the concurrent forums obtained jurisdiction; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigants' rights; and (7) whether exercising jurisdiction would prevent forum shopping. *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). The exceptional circumstances test is not "a mechanical checklist," however. *Moses H. Cone*, 460 U.S. at 16. The test "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 22. "The factors relevant to a given case are subject to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Holder*, 305 F.3d at 870-71 (quoting *Moses H. Cone*, 460 U.S. at 16). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819. Provided that the district court exercises its discretion under the standard prescribed by the Supreme Court, "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Moses H. Cone*, 460 U.S. at 19.

**III.    Discussion**

This case does not present the kind of exceptional circumstances needed to satisfy *Colorado River*. As a threshold matter, the analysis of the *Colorado River* factors is appropriate since J or J's third-party complaint in state court is "substantially similar" to American's complaint in this court. *See Nakash v. Marviano*, 882 F.2d 1411, 1416 (9th Cir. 1989). The difference between the named plaintiffs–J or J in state court, American here–is no bar to application of the Colorado River doctrine. Rather, the court's analysis is anchored by the "realities of the case at hand." *Moses H.*

3

*Cone*, 460 U.S. at 22. And these realities indicate that American, as subrogee of J or J, "is entitled to all the rights and remedies belonging to [J or J] against a third party with respect to any loss covered by [an insurance] policy." *Arguello v. Sunset Station, Inc.*, 252 P.3d 206, 208 (Nev. 2011). Therefore, both J or J and American have grounded their claims in J or J's substantive rights under Nevada products liability law. The fact that American seeks a subset of the remedies available to J or J does not alter this conclusion. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (approving abstention where "substantially similar" state action included more claims than federal action).

However, the *Colorado River* factors do not identify this litigation as exceptional. First, Brother is silent on four of the seven *Colorado River* factors because these four factors do not warrant a stay or dismissal in deference to the state action. There is no *res* at issue; the federal and state forums are equally convenient; there is no reason to believe the state court proceedings are inadequate to protect all the interests at stake; and there are no allegations of forum shopping. Therefore, Brother must rely on the remaining three factors–the avoidance of piecemeal litigation, the priority of the state action, and the state-provided rule of decision–to establish "the clearest of justifications" in favor of stay or dismissal. *Colorado River*, 424 U.S. at 819.

These factors do not bear this burden well. Brother chiefly relies on the danger of piecemeal litigation in arguing for a stay or dismissal. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). However, this factor is determinative "only when there is evidence of a strong federal policy that all claims should be tried in the state court," as there was in *Colorado River* itself. *United States v. Morrow*, 268 F.3d 695, 706-07 (9th Cir. 2001). Brother has pointed to no such federal policy here. Furthermore, while the complexity of the case–entailing many decisions on many issues, as when massive discovery is involved–may contribute to the risk of piecemeal litigation, *Whittemore v. Seeno*, 2012 WL 4006040 at *5 (D. Nev. Sept. 11, 2012), Brother has provided no argument that

4

this products liability action is unusually complicated.

Brother also argues that the state action's priority over the federal action warrants a stay or dismissal. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. J or J's third-party complaint was filed about six weeks before American's complaint in this case. And while the state court action has progressed further in discovery, Brother stipulated to a stay of discovery in this case (#14). Brother can hardly be heard to complain now about how much further along the state case is in this respect.

Finally, Brother claims that the state law governing both the state and federal action warrants a stay or dismissal. However, the existence of routine issues of state law does not outweigh a federal court's "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. *See also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993) ("[T]he existence of state law issues does not outweigh the court's obligation to ensure the 'complete and prompt' resolution of all of the parties' claims."). Since none of the factors argued by Brother provide "the clearest of justifications" for a stay or dismissal–either individually or collectively–such a stay or dismissal is inappropriate.

**IV.     Conclusion**

A stay or dismissal under the *Colorado River* doctrine is unwarranted because Brother has failed to show that this case is exceptional.

IT IS THEREFORE ORDERED that Brother's Motion to Stay or Dismiss (#11) is DENIED.

IT IS SO ORDERED.

DATED this 27th of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE